THE PEOPLE OF THE STATE OF NEW YORK ex rel. EARL PALMER, Appellant, v. WILLIAM E. SNYDER, Acting Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Motion denied. Application for leave to appeal to the Court of Appeals should be made in accordance with the provisions of section 520 of the Code of Criminal Procedure. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

CARRIE ESTELLE COSSITT, Executrix, etc., of FRANKLIN MILLARD COSSITT, Respondent, v. DAVID BENENSOHN, Appellant.— Defendant has appealed from a judgment of the County Court of Broome County reversing a judgment of the City Court of Binghamton which dismissed plaintiff's complaint and which judgment of reversal directs judgment in plaintiff's favor in the amount of $260.40. The action is on a promissory note. On November 10, 1931, defendant gave to plaintiff's intestate his promissory note for $150, payable on demand for rent of premises occupied by defendant and owned by plaintiff's intestate. On July 6, 1937, plaintiff brought action on the note. The material allegations of the complaint except the amount due were admitted. The answer contained a counterclaim to the effect that defendant sold to plaintiff's intestate merchandise of the value of $235. Defendant claimed that this merchandise was left on the premises when he vacated same. The City Court directed judgment in favor of defendant. In reversing the judgment the County Court held that there was no evidence to sustain the finding that plaintiff's intestate ever agreed to accept from defendant the personal property left on the premises by the latter in payment of the unpaid rent evidenced by the promissory note and that plaintiff was entitled to recover the amount of such note. The proof sustains the finding of the County Court. In its judgment the County Court states that the judgment of the City Court is modified by granting judgment to plaintiff. There was no modification of the judgment. The action of the County Court was a reversal of the City Court judgment. The court regrets that it is necessary to call attention to the fact that the attorneys for both parties in their briefs have made references to matters not contained in the record. The judgment of the County Court should be affirmed, with costs. Judgment of the County Court unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.